The appellant, Ray Horn, was convicted of first-degree criminal mischief, a violation of § 13A-7-21(a)(1), Ala. Code 1975. The trial court sentenced him to serve a term of three years in prison, but suspended the sentence and placed him on supervised probation for three years. The appellant filed a motion for a new trial, which was denied by operation of law. This appeal followed.
The evidence showed that the appellant and Edwina Horn were married. Edwina testified that, on November 24, 2000, the appellant told her he was leaving and made a list of items he considered to be his. In the process, he stated that they should sell a 1996 Chrysler Sebring convertible automobile and that he wanted the proceeds from the sale. She refused and told him that the automobile was not his, that the title to the automobile was in her name, and that it belonged to her daughter Leigh Anne.[1] He responded by telling her that he was entitled to at least one-half of the money from the sale of the automobile. After she told him he could not have it, he said, "`[W]ell, I'll take care of that right now, I'll get my half out of it right now.'" (R. 14.) Subsequently, he hit the Sebring with his one-ton flatbed truck. The damage to the Sebring totaled approximately $5,900.00.
Edwina testified that, during the marriage, she received a farm from her father. She worked for a doctor, and the appellant worked the farm. At some point, the appellant received a relief check that was associated with the farm, and he deposited the check into a bank account that was solely in Edwina's name. She explained that the account was in her name only because the appellant had judgments against him and any money that was in the appellant's name would have gone to satisfy those judgments. Although his name was not on the bank account, the appellant put money into the account, and they used money from the account to pay household bills. All bills and debts associated with the farm were listed in the appellant's name, and everything that they owned "that was free and clear" was in Edwina's name. (R. 26.)
Edwina testified that, in September 1999, she and the appellant had used some of the proceeds from the appellant's relief check to buy the Sebring for her daughter Leigh Anne. However, the title to the automobile was in Edwina's name, and the appellant was listed as the primary driver of the automobile for insurance purposes. Further, when Leigh Anne moved out and went to live with her father approximately three months before the incident in question, she did not take the automobile with her.
The appellant argues that the trial court improperly denied his motion for a judgment of acquittal at the close of the State's evidence. Specifically, he contends that the State did not establish that he did not have a right to damage the vehicle or a reasonable ground to believe that he had such a right. We agree.
At the time this incident occurred, § 13A-7-21, Ala. Code 1975, provided:
 "(a) A person commits the crime of criminal mischief in the first degree if, with intent to damage property, and having no right to do so or any reasonable ground to believe that he has such a right, he inflicts damages to property: *Page 305 
"(1) In an amount exceeding $1,000.00. . . ."
The Commentary to §§ 13A-7-21 through 13A-7-23, Ala. Code 1975, states, in pertinent part:
 "The third element requires a showing that the defendant had no right to damage the property and that he had no reasonable ground to believe that he had such a right. The general mistake of fact provision in § 13A-2-6 is in agreement with this element. One who damages property under a reasonably mistaken belief that he has a right to do so would not be liable, as such belief would negate the necessary culpable mental state."
In this case, the appellant and Edwina were married, and the appellant damaged an automobile they had bought during their marriage. Although the title to the automobile was in Edwina's name, the appellant and Edwina bought the automobile with money the appellant got in connection with his work on the farm. Also, the appellant was listed as the primary driver of the automobile for insurance purposes. Further, Edwina testified that a bank account and items that they owned "free and clear" were listed solely in her name because the appellant had judgments against him. However, the appellant contributed money to the bank account, and they used that account to pay household expenses. Based on this evidence, the State did not establish that the appellant did not have a right to damage the automobile or that he could not have reasonably believed that he had a right to damage the automobile. Therefore, the trial court improperly denied his motion for a judgment of acquittal at the close of the State's evidence. Accordingly, we reverse the trial court's judgment and render a judgment in favor of the appellant.
REVERSED AND JUDGMENT RENDERED.
COBB and WISE, JJ., concur; SHAW, J., dissents, with opinion, which McMILLAN, P.J., joins.
[1] The appellant was Leigh Anne's stepfather.